A.G. EDWARDS TRUST COMPANY, as trustee for Arnold Miller Revocable Trust, Respondent,

v.

Janet M. MILLER, Respondent,

and

Diana Resch and Dorothy Larsen, Appellants.

No. ED 79244.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 30, 2001.

Terry L. Jones, Belz & Jones, P.C., St. Louis, MO, for Appellant.

Lawrence S. Denk, Foley & Mansfield, Michael A. Clithero, Blackwell, Sanders, Peper & Martin, L.L.P., St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Judge.

Appellants, Diana Resch and Dorothy Larsen ("appellants"), appeal from the judgment of the Circuit Court of the City of St. Louis in favor of respondent, Janet Miller ("respondent"). A.G. Edwards Trust Company ("A.G. Edwards"), as Trustee of Arnold W. Miller Revocable Trust ("trust"), filed a petition for Declaratory Judgment seeking a determination of its obligations under an indenture of trust. The trial court held that A.G. Edwards is required to pay all trust income to respondent and may invade the corpus at its discretion for the support of respondent during her lifetime. We affirm.

Arnold W. Miller ("grantor") established a revocable *inter vivos* trust in 1994. The trust provides that grantor would be trustee and would be entitled to all income during his lifetime. Upon his death, the trust became irrevocable and his wife, respondent, was named trustee. A.G. Edwards was designated as successor trustee if respondent was unable or unwilling to act as trustee. A.G. Edwards is the current trustee. Respondent is the current beneficiary of the trust and appellants, grantor's daughters, have a remainder interest.

The trust provides in part 3 that during respondent's life, all income from the trust would be paid to her. Part 3 of the trust also provides that it was the grantor's intention to create an interest which may, if the trustee so elects, constitute "qualified terminable interest property" ("QTIP") as defined in section 2026(b)(7) of the Internal Revenue Code of 1986. The trust further provides in part 4.1.B., dealing with the powers of the trustee:

> Said Trustee shall pay all expenses of the Trust, including compensation of said Trustee, and shall use and apply

such portion of the net income derived therefrom, and also, in its discretion of the principal, as the Trustee may deem necessary, directly for the health, care, and support of the Trust Beneficiary and any unexpended part of such income shall be added to the principal and reinvested from time to time until the Trust shall terminate; said payments for Beneficiary shall be made monthly or quarterly or at such time Trustee deems to be in the best interest of said Trust Beneficiary; said Trustee shall be able to invade the trust corpus as it may deem necessary, directly for the health, care, and support of the Trust Beneficiary.

Upon respondent's death, the trust provides the residuary estate shall be distributed equally to the grantor's children (appellants), if living, otherwise to their children, per stirpes, with certain conditions if any such grandchild is under the age of twenty-five years.

Since grantor's death, A.G. Edwards has paid all of the net income to respondent and it has also made distributions of principal to respondent. Due to the dispute between respondent and appellants, on January 21, 2000, A.G. Edwards filed its petition for declaratory judgment concerning its obligations under the trust. The case was submitted to the court upon stipulated facts and briefs. On January 25, 2001, the trial court entered its judgment. The trial court held that A.G. Edwards is required to pay all trust income to respondent and may invade the corpus at its discretion for the support of respondent during her lifetime. Appellants appeal.

 On their sole point on appeal, appellants argue the trial court erred in declaring that A.G. Edwards may invade the corpus of the trust for the benefit of respondent. Appellants argue that the trial court failed to construe the entire trust instrument to determine the grantor's intent. They allege that the trial court's construction creates inconsistencies within the trust.

 In a court-tried case, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). In a case tried on stipulation of facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from the stipulated facts. *Duckett Creek Sewer v. Golden Triangle Dev.,* 32 S.W.3d 178, 181 (Mo.App. E.D.2000).

 Missouri courts generally use the same rules for construing both wills and trusts. *Mercantile Trust Co., N.A. v. Hardie,* 39 S.W.3d 907, 910 (Mo.App. S.D. 2001). The paramount rule of construction in determining the meaning of a trust provision is that the intent of the grantor is controlling. *Holdener v. Fieser,* 971 S.W.2d 946, 951 (Mo.App. E.D.1998). The grantor's intent must be ascertained primarily from the trust instrument as a whole. *Id.* In determining the grantor's intent, no single clause or word is given undue preference. *Central Trust Bank v. Scrivner,* 963 S.W.2d 383, 385 (Mo.App. W.D.1998). "The grantor is presumed to know and intend the legal effect of the language used." *Id.* The court must give the words used their usual, ordinary and natural meaning, unless a contrary meaning appears in the instrument. *Id.* Furthermore, the court is required to give meaning to the entire trust instrument, avoiding repugnancies, if possible, and to adopt a construction which reconciles rather than creates inconsistencies. *Id.*

In the case at bar, the trust unambiguously directs the A.G. Edwards to pay all income to respondent during her life, fol-

lowing the death of the grantor. The trust also provides that it was the intention of the grantor to create an interest which may, if the trustee so elects, constitute a QTIP.[1] In part 4.1.B., the trust partially provides that the trustee may invade the trust's principal for the health, care and support of the "trust beneficiary." In addition, the trust provides that any unexpended trust income shall be added to the principal and reinvested from time to time until the trust terminates.

Appellants argue that respondent cannot be a trust beneficiary under part 4.1.B. of the trust because the provisions of part 4.1.B. also allow for the accumulation of unexpended net income, which they contend, conflict with part 3.1.B., which directs that all net income be paid to respondent during her life. Appellants argue that the potential conflict also jeopardizes the ability of the trust to qualify as QTIP because the tax-favorable QTIP provisions require a trustee to distribute all income to a grantor's surviving spouse. Thus, under part 4.1.B., if A.G. Edwards has the discretion to withhold income from respondent, then grantor's intention is defeated and the QTIP treatment is denied *ab initio*. Therefore, appellants maintain that the grantor could not have intended that respondent be a beneficiary under part 4.1.B., which would allow for discretionary invasions of the principal for respondent's health, care and support. Appellants argue that the grantor alone is the "trust beneficiary" under part 4.1.B. We disagree.

Grantor intended to provide for his wife after his death. In part 3 of the trust he specifically directed the trustee (A.G. Edwards) to pay all net income from the trust to respondent, if the wife survives him. In addition, the grantor also provided that it was his intention to create an interest which may, if the trustee so elects, consti-

tute a QTIP. The grantor also, in part 4.1.B. of the trust, provided that the trustee (A.G. Edwards) at its discretion could invade the trust's principal for the benefit of the "trust beneficiary." Respondent, wife of the grantor, is designated as the successor beneficiary pursuant to the trust. Respondent qualifies as a trust beneficiary under part 4.1.B. of the trust. The trust does not support appellants' contention that the grantor was referring to himself when he used the phrase "the trust beneficiary." Wherever, the trust makes reference to provisions that are limited to the grantor, it clearly did so. For instance, in part 2.1 of the trust, grantor gave himself the right to use the trust's income and invade the principal for his benefit. If grantor wanted to restrict the trust beneficiary in part 4.1.B. to himself, he would have done so. Grantor is presumed to know and intend the legal effect of the language used. Thus, we do not read the reference to "the trust beneficiary" in part 4.1.B. as limited to the grantor.

Furthermore, as to the potential conflict between part 3 and part 4, in Missouri general expressions in a trust do not override specific directions. *See Broaddus v. Park College*, 238 Mo.App. 304, 180 S.W.2d 268, 273 (1944). The general expression as to the powers of the trustee to pay or accumulate income under part 4.1.B. do not override the specific direction to pay all net income to respondent in part 3.

Based on the foregoing, we affirm the judgment of the trial court.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.

---

**1.** No election has been made to treat any property of the trust as QTIP.